**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WALTER STEVEN CARLOS-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 CV 5914 |
| | ) | |
| THE CITY OF CHICAGO, CHICAGO DETECTIVE PETER MUHNEY (Star No. 20745), CHICAGO POLICE OFFICER PHYLLIS GILL (Star No. 1564), CHICAGO POLICE OFFICER MICHAEL MURZYN (Star No. 1893), CHICAGO POLICE OFFICER RICKEY ROBINSON (Star No. 19609), CHICAGO POLICE OFFICER JENNIFER HOLMES (Star No. 15621), as well as UNKNOWN OFFICERS of the Chicago Police Department | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## FOURTH AMENDED COMPLAINT

Plaintiff, Walter Steven Carlos-El, by and through his attorneys, Boyd & Kummer, LLC, by way of Fourth Amended Complaint against the Defendants The City of Chicago, Chicago Detective Peter Muhney (Star No. 20745), Chicago Police Officer Phyllis Gill (Star No. 1564), Chicago Police Officer Michael Murzyn (Star No. 1893), Chicago Police Officer Rickey Robinson (Star No. 19609), Chicago Police Officer Jennifer Holmes (Star No. 15621), as well as Unknown Officers of the Chicago Police Department, states as follows:

### INTRODUCTION

1. This cause of action arises out of the violation of the civil rights of Plaintiff Walter Stevens Carlos-El by Defendants The City of Chicago, Chicago

1

Detective Peter Muhney, Chicago Police Officer Phyllis Gill, Chicago Police Officer Michael Murzyn, Chicago Police Officer Rickey Robinson, Chicago Police Officer Jennifer Holmes, as well as Unknown Officers of the Chicago Police Department. The Defendants falsely arrested and improperly searched Steven Walter Carlos-El. Defendants then falsely imprisoned and maliciously prosecuted Walter Stevens Carlos-El.

**PARTIES**

2. Plaintiff, Walter Stevens Carlos-El. ("Carlos-El"), is, and at all times relevant to this action, was an Illinois citizen, residing at 8311 South Sangamon Street, Chicago, State of Illinois, Cook County.

3. Defendant The City of Chicago (the "City") is a duly incorporated municipal corporation and is the employer and principal of the above-referenced Defendants in the City of Chicago, Illinois.

4. Defendant Chicago Detective Peter Muhney (Star No. 20745) ("Detective Muhney") is a duly appointed and sworn police officer of the City of Chicago, County of Cook, in the State of Illinois. Detective Muhney is sued in his individual capacity.

5. Defendant Chicago Police Officer Phyllis Gill (Star No. 1564) ("Officer Gill") is a duly appointed and sworn police officer of the City of Chicago, County of Cook, in the State of Illinois. Officer Gill is sued in her individual capacity.

6. Defendant Chicago Police Officer Michael Murzyn (Star No. 1893) ("Officer Murzyn") is a duly appointed and sworn police officer of the City of Chicago, County of Cook, in the State of Illinois. Officer Murzyn is sued in his individual capacity.

7. Defendant Chicago Police Officer Rickey Robinson (Star No. 19609) ("Officer Robinson") is a duly appointed and sworn police officer of the City of Chicago, County of Cook, in the State of Illinois. Officer Robinson is sued in his individual capacity.

8. Defendant Chicago Police Officer Jennifer Holmes (Star No. 15621) ("Officer Holmes") is a duly appointed and sworn police officer of the City of Chicago, County of Cook, in the State of Illinois. Officer Holmes is sued in her individual capacity.

9. Defendants Unknown City of Chicago Police Officers ("Unknown Officers") are all duly appointed and sworn police officers of the City of Chicago, County of Cook, in the State of Illinois. The Unknown Officers are sued in their individual capacity (the Unknown Officers and Officers Gill, Murzyn, Robinson, Holmes and Detective Muhney will sometimes be referred to collectively as the "Defendants" or "Defendant Officers")(the Defendant Officers and the City will sometimes be referred to collectively as "Defendants").

10. Each of the individual defendants acted under color of state law and in the scope of their employment while engaging in the actions alleged in this complaint.

11. At all times relevant to this cause of action the Defendants were acting under the color of state law, ordinance and/or regulation, statutes, customs and usages of the City of Chicago, County of Cook, State of Illinois.

**JURISDICTION AND VENUE**

12. This court has jurisdiction over the subject matter and the parties to this lawsuit because this action is brought pursuant to 42 U.S.C. §1983 and the Constitution of the United States.

13. This court is the appropriate venue for this lawsuit.

**FACTS COMMON TO ALL COUNTS**

14. On January 26, 2006, Carlos-El was walking towards a friend's house via an alleyway ("Alley") located at 8315 South Morgan.

15. While in the Alley, Carlos-El found a wallet on the ground.

16. Carlos-El sought to return the wallet to the owner of the wallet who resided at 8315 South Morgan Street, Chicago, Illinois ("8315 South Morgan").

17. On that date, the Defendant Officers approached Carlos-El while he was walking in the Alley near 8315 South Morgan.

18. The Defendant Officers asked Carlos-El where he came from, and Carlos-El told the Defendant Officers he came from the Alley. At no time was Carlos-El inside the residence located at 8315 South Morgan.

19. None of The Defendant Officers had probable cause to believe that Carlos-El had committed or was committing any crime in violation of the laws of the State of Illinois.

20. Nonetheless, one or more of the Defendant Officers handcuffed Carlos-El to the guardrail of the squad car and then proceeded to search Carlos-El.

21. The Defendant Officers then removed the wallet that Carlos-El had recently found in the Alley.

22.     After searching him, the Defendant Officers arrested Carlos-El and transported him to the police station.

23.     The Defendants held Carlos-El for approximately sixteen (16) hours without charging him or bringing him before a court to set bail, in spite of the fact that the Defendant Officers knew that Carlos-El had not committed any crime, nor did the Defendants have probable cause to suspect that Carlos-El had committed any crime or violation.

24.     At approximately 6:30 p.m. on January 27, 2006, Detective Muhney interrogated Carlos-El about an alleged burglary that took place at 8315 South Morgan on the night Carlos-El was arrested.

25.     The Defendant Officers prepared a complaint and police report in which they charged Carlos-El with violating 720 ILCS 5/19-4-A-1, Criminal Trespass to Residence; 720 ILCS 5/16-2, Theft of Lost or Mislaid Property; 8-4-180, Possession of Burglary Tools; and 720 ILCS 5/19-3-A, Residential Burglary (the "Violations").

26.     The Defendants knew at the time that they charged Carlos-El with the Violations that Carlos-El did not possess any burglary tools and had not burglarized the residence at 8315 South Morgan Street.

27.     Nonetheless, the Defendants' police reports falsely stated that the Defendant Officers witnessed Carlos-El exit through a broken glass basement window at 8315 South Morgan Street. No burglary tools were found on Carlos-El's person and no scratches or cuts were identified on Carlos-El's person.

28.     Additionally, the Defendant Officers' police reports state that the Defendant Officers found a wallet on Carlos-El's person that contained several credit

5

cards; not one police report identified any credit card belonging to any individual other than Carlos-El. Further, Evidence Inventory Number 10682939 fails to disclose the identity of any alleged owner of any credit card found on Carlos-El on January 26, 2006.

29. On or around January 27, 2006, Carlos-El was granted bond.

30. By falsely arresting Carlos-El, the Defendant Officers abusively and unjustifiably restrained Carlos El's liberty.

31. On January 26, 2006, Carlos-El did not commit any acts that caused the Defendant Officers to believe that he had committed any crime and/or ordinance violation.

32. At no time on or after January 26, 2006, was it necessary for the Defendant Officers to restrain Carlos-El, arrest Carlos-El, or transport Carlos-El to the Chicago Police Station.

33. At no time on or after January 26, 2006, did the Defendants have cause to search Carlos-El's person.

34. At no time on or after January 26, 2006, did the Defendants have cause to detain Carlos-El in jail.

## COUNT I
## VIOLATION OF 42 USC § 1983 – UNLAWFUL SEARCH

35. Carlos-El re-alleges, restates and incorporates paragraphs 1 through 34 above as if fully set forth herein.

36. This Count is brought pursuant to the 42 U.S.C. § 1983 and the Constitution of the United States.

37. Defendant Officers searched and seized Carlos-El's person even though Defendant Officers were void of any justifiable basis for the search and lacked probable cause, in violation of the Fourth Amendment to the United States Constitution.

38. The aforementioned actions of the Defendant Officers proximately caused Carlos-El to be deprived of his Fourth Amendment right to be free from unlawful searches to which probable cause did not exist.

WHEREFORE, the Plaintiff, Walter Steven Carlos-El, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendant Officers, and award him compensatory damages in an amount to be established by the proofs, but in no event less than $50,000.00, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT II
## VIOLATION OF 42 USC § 1983 – UNCONSTITUTIONAL SEARCH

39. Carlos-El re-alleges, restates and incorporates paragraphs 1 through 38 above as if fully set forth herein.

40. The Defendants' actions in searching and seizing Carlos-El and his personal effects without cause and/or a warrant was deliberately violated Carlos-El's civil rights under the Fourth Amendment.

41. The above-referenced actions of the Defendant Officers constitute a violation of 42 U.S. C. § 1983 and the United States Constitution.

42. The aforementioned actions of said Defendant Officers were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, Plaintiff, Walter Steven Carlos-El, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants, and award him

7

compensatory damages in an amount to be established by the proofs, but in no event less than $50,000.00, punitive damages, attorney fees, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT III
### VIOLATION OF 42 USC § 1983 – UNLAWFUL ARREST

43. Carlos-El re-alleges, restates and incorporates paragraphs 1 through 42 above as if fully set forth herein.

44. This Count is brought pursuant to the 42 U.S.C. § 1983 and the Constitution of the United States.

45. The Defendants caused Carlos-El to be arrested even though Defendants were void of any justifiable basis for the arrest and lacked probable cause for the arrest, in violation of the Fourth Amendment to the United States Constitution.

46. The aforementioned actions of the Defendant Officers proximately caused Carlos-El to be deprived of his Fourth Amendment rights to be free from arrest to which probable cause as to the arrest did not exist.

WHEREFORE, the Plaintiff, Walter Steven Carlos-El, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants, and award him compensatory damages in an amount to be established by the proofs, but in no event less than $50,000.00, punitive damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

### COUNT IV
### FALSE ARREST

47. Carlos-El re-alleges, restates and incorporates paragraphs 1 through 46 above as if fully set forth herein.

8

48. The Defendants caused Carlos-El to be arrested even though the Defendants were void of any justifiable basis for the arrest and lacked the probable cause for the arrest, in violation of the Fourth Amendment to the United States Constitution and the Sixth Amendment to the Illinois Constitution.

49. As a result of the Defendant's unlawful arrest of Carlos-El he was restrained without reason and deprived of his freedom without cause.

50. The aforementioned actions of the Defendants proximately caused Carlos-El to be deprived of his Fourth Amendment right to be free from arrest to which probable cause as to the arrest did not exist.

WHEREFORE, the Plaintiff, Walter Steven Carlos-El, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants, and award him compensatory damages in an amount to be established by the proofs, but in no event less than $50,000.00, punitive damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT V
## NEGLIGENCE - WILLFUL AND WANTON CONDUCT

51. Carlos-El re-alleges, restates and incorporates paragraphs one through 50 above as if fully set forth herein.

52. The Defendants owed Carlos-El a duty to exercise reasonable care during their interactions with Carlos-El, including Carlos-El's restraint, detention and arrest.

53. The Defendants engaged in one or more of the following willful and wanton negligent acts:

>   i. Searched and seized Carlos-El in violation of Carlos-El's rights under the Fourth Amendment to the U.S. Constitution.

9

      ii. Arrested Carlos-El without reason and without probable cause;

     iii. Caused Carlos-El to remain in jail for an extended period of time;

     iv. Manufactured and falsified evidence in connection with Carlos-El's arrest and prosecution; and

      v. Failed to intervene when Carlos-El was forced to remain in jail for an extended period of time;

54. As a proximate result of the above-referenced conduct, Carlos-El endured pain and suffering and sustained further damages.

WHEREFORE, the Plaintiff, Walter Steven Carlos-El, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants, and award him compensatory damages in an amount to be established by the proofs, but in no event less than $50,000.00, punitive damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT VI
## MALICIOUS PROSECUTION v. DEFENDANT OFFICERS

55. Carlos-El re-alleges, restates and incorporates paragraphs 1 through 54 above as if fully set forth herein.

56. The Defendants caused criminal prosecutions to commence against Carlos-El.

57. The Defendant Officers, employed by the City of Chicago, maliciously commenced and caused to be continued criminal actions against Carlos-El without probable cause for the institution of the proceedings. As a result, Carlos-El was injured emotionally, financially and otherwise from the loss of certain constitutionally protected liberty and related rights.

10

58. The Defendant Officers facilitated this malicious prosecution by giving false evidence in police reports.

WHEREFORE, the Plaintiff, Walter Steven Carlos-El, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants, and award him compensatory damages in an amount to be established by the proofs, but in no event less than $50,000.00, punitive damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT VII
## VIOLATION OF 745 ILCS 10/9-102
## v. CITY OF CHICAGO

59. Carlos-El re-alleges, restates and incorporates paragraphs 1 through 58 above as if fully set forth herein.

60. The Defendant Officers were at all times relevant to this complaint employees of the City of Chicago, Illinois, and engaged in the conduct complained of in the course and scope of their employment and while they were on duty.

61. Pursuant to 745 ILCS 10/9-102:

> A local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article.

The City of Chicago is the employer and principal of the Defendant Officers.

62. The aforesaid acts of Defendant Officers were in the scope of their employment as Officers with the Police Department for the City of Chicago and under color of law and therefore the Defendant, the City of Chicago, as principal of is liable for the actions of its agents under 745 ILCS 10/102.

11

WHEREFORE, the Plaintiff, Walter Steven Carlos-El, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendant, City of Chicago, and award him compensatory damages in an amount to be established by the proofs, but in no event less than $50,000.00, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT VIII
## RESPONDEAT SUPERIOR v. CITY OF CHICAGO

63. Carlos-El re-alleges, restates and incorporates paragraphs 1 through 62 above as if fully set forth herein.

64. The Defendant Officers were employees of the City of Chicago, and engaged in the conduct complained of in the course and scope of their employment while they were on duty.

65. The acts of the Defendant Officers were in the scope of their employment as officers with the City of Chicago, were willful and wanton, and therefore the Defendant, the City of Chicago, as principal of is liable for the actions of its agents under the doctrine of *respondeat superior.*

WHEREFORE, the Plaintiff, Walter Steven Carlos-El, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendant, City of Chicago, and award him compensatory damages in an amount to be established by the proofs, but in no event less than $50,000.00, punitive damages, the costs incurred in this matter and any further relief that this Honorable Court deems fair and just.

**COUNT IX**
**42 USC § 1983 – DUE PROCESS**

66. Carlos-El re-alleges, restates and incorporates paragraphs 1 through 65 above as if fully set forth herein.

67. As described more fully above, all of the Defendants, while acting individually, jointly and in conspiracy, as well as under color of law and within the scope of their employment, deprived Carlos-El of his constitutional right to due process.

68. In the manner described above, the Defendants deliberately fabricated arrest reports, indictments, criminal complaints, offered false testimony, and attempted to conceal facts, thereby misleading and misdirecting the grand jury's indictment of Carlos-El. Absent this misconduct, the arrest and incarceration of Carlos-El could not and would not have been pursued, and Carlos-El would not have been arrested and/or incarcerated.

69. The Defendants' misconduct directly resulted in unjust criminal charges being brought against Carlos-El, thereby denying him of his constitutional right to due process in violation of the Fourteenth Amendment of the United States Constitution.

70. As a result of this deprivation of his constitutional right to due process, Carlos-El suffered injuries, including, but not limited to, emotional distress.

71. The conduct described in this Count was objectively unreasonable and was undertaken with willful indifference to Carlos-El's constitutional rights.

WHEREFORE, the Plaintiff, Walter Steven Carlos-El, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants, and award him compensatory damages in an amount to be established by the proofs, but in no event less than $50,000.00, punitive damages, the costs and attorney's fees incurred in this matter and any further relief that this Honorable Court deems fair and just.

## COUNT X
## 42 USC § 1983 – CONSPIRACY

72. Carlos-El re-alleges, restates and incorporates paragraphs 1 through 71 above as if fully set forth herein.

73. The Defendants reached an agreement amongst themselves to falsely charge and prosecute Carlos-El and violate Carlos-El's constitutional rights as described above.

74. Each Defendant conspired to violate Carlos-El's constitutional and civil rights by wrongfully charging him of offenses he was innocent of and concealing their wrongful conduct through, *inter alia*, offering false testimony.

75. In this manner, the Defendants, acting in concert with other unknown co-conspirators, have conspired by concerted action to accomplish an unlawful purpose by unlawful means.

76. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint unlawful activity.

77. As a direct and proximate result of the illicit prior agreement referenced above, Carlos-El's civil rights were violated. He also suffered injuries, including, but not limited to emotional distress.

78. The misconduct described above in this Count was taken with malice, willfulness and reckless indifference to Carlos-El's rights.

WHEREFORE, the Plaintiff, Walter Steven Carlos-El, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants, and award him compensatory damages in an amount to be established by the proofs, but in no event

14

less than $50,000.00, punitive damages, the costs and attorney's fees incurred in this matter and any further relief that this Honorable Court deems fair and just.

                                  /s/ Scott W. Kummer      .

One of Plaintiff's Attorneys
BOYD & KUMMER, LLC
20 S. Clark, Ste. 500
Chicago, IL 60603
312-363-6100
312-372-7076 (Fax)
ARDC No. 6273348